|,AMY, J.,
dissenting.
I respectfully dissent. In my opinion, the question in this,case is not whether the plaintiff is entitled to any medical treatment. The question is what type of treatment is necessary. In this case, the workers’ compensation judge was presented with varying expert opinions as to whether continuation of the course of treatment preferred by the plaintiff was necessary. In reasons for ruling, the workers’ compensation judge stated that “Dr. Kevin Gorin, a pain management specialist, saw Dorr in January, 1994. He does believe the use of ever increasing dosages of Morphine Sulfate is an appropriate — is an inappropriate and unreasonable treatment regiment [sic] for Dorr.” When the testimony of experts differ, the responsibility of determining which evidence is most credible is given to the trier of fact. Mistich v. Volkswagen of Germany, Inc., 95-0939 (La.1/29/96); 666 So.2d 1073. In the event a trial court gives greater weight to one expert’s testimony, this determination will not be reversed absent manifest error. Gautreau v. Gautreau, 96-1548 (La.App. 3 Cir. 6/18/97); 697 So.2d 1339, unit denied, 97-1939 (La.11/7/97); 703 So.2d 1272. I find no such error in the workers’ compensation judge’s reliance on Dr. Gorin’s opinion. Having found the plaintiffs preferred method of treatment unnecessary when another alternative was presented as the more reasonable course, the judge relied upon | ^medical opinions in concluding that, instead, “a comprehensive, inpatient pain management program would best serve to detoxify Dorr and treat her physical, as well as mental condition.” In light of these opinions and the credibility determinations made, I dissent finding no manifest error in the trial judge’s choice.